**Samuel W. JAMES, Petitioner,**

v.

**DIRECTOR OF MOTOR VEHICLES, Agent for the Commissioners of the District of Columbia, Respondent.**

No. 3240.

District of Columbia Court of Appeals.

Argued July 15, 1963.

Decided Aug. 9, 1963.

1. In fairness to the trial court it should be noted that its judgment was entered prior to our decision in Ridgely.

210

Milton Conn, Washington, D. C., for petitioner.

David P. Sutton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This is an appeal from an order of the Director of Motor Vehicles revoking petitioner's license on the ground that he is "morally unfit to operate a motor vehicle." Petitioner contends that the Director abused his discretion by failing to apply the standards set forth in the Motor Vehicle Regulations.

The power to revoke or suspend an operator's permit stems from Code 1961, § 40-302, which provides:

"(a) Except where for any violation of this chapter revocation of the operator's permit is mandatory, the Commissioners or their designated agent may with or without a prior hearing revoke or suspend an operator's permit for any cause which they or their agent may deem sufficient; * * *."

While this provision is broad, it has been held to mean that revocation or suspension is only permitted, as a matter of discretion, where there is shown to be a breach of the usual and reasonable regulations made concerning the control of traffic. La Forest v. Board of Commissioners, 67 App.D.C. 396, 92 F.2d 547 (1937).

On December 30, 1952, the Commissioners issued an order establishing a point system and other regulations relative to the suspension and revocation of operator's

permits.[1] In Mason v. Director of Motor Vehicles, D.C.Mun.App., 186 A.2d 893 (1962), we had occasion to discuss at length the various parts of this order. As in Mason we are again concerned with Section 5(a) which provides:

"Notwithstanding any of the other provisions of this order, the Director of Motor Vehicles, after giving notice and opportunity for hearing, is hereby authorized in his discretion to suspend or revoke the motor vehicle operator's permit or operating privilege of any individual, who, in his opinion, is not physically, mentally or *morally qualified to operate a motor vehicle in such manner as not to jeopardize the safety of persons or property*, or who in his opinion has driven a motor vehicle in such manner as to show a flagrant disregard for the safety of persons or property." (Emphasis supplied.)

It is important to note that we are not concerned with any charge that Section 5(a) is an unreasonable rule or regulation or that it is unduly vague, but only whether it was improperly applied in petitioner's case.[2] Briefly, the facts are as follows.

In 1962 petitioner was convicted of housebreaking, larceny, and destroying movable property and sentenced to serve two to six years in prison.[3] Thereafter he received a notice from the Department of Motor Vehicles that his license was being revoked for operating a motor vehicle during the commission of a felony. After a hearing and subsequent appeal to the Director of Motor Vehicles, the order was vacated on the ground that there was insufficient evidence to show that petitioner had used a motor vehicle in the commission of the crimes charged. At the same time, however, the Department of Motor Vehicles issued another order of revocation, this time alleging that petitioner was "morally unfit to operate a motor vehicle." At two further hearings, petitioner's past criminal record was introduced into evidence. This record disclosed that in 1940 petitioner was convicted of housebreaking and unauthorized use of an automobile and placed on probation; that in 1941 petitioner was convicted of grand larceny and sentenced to serve one and one-half to two and one-half years in prison; that in 1952 petitioner was sentenced to serve two to six years in prison upon convictions of housebreaking and destroying movable property; that in 1958 petitioner was sentenced to one and one-half to three years upon a conviction of burglary; that in 1960 petitioner elected to forfeit $10 upon a charge of disorderly conduct; and that in 1962 petitioner was convicted of the crimes previously noted.

Petitioner contends that since this past record does not disclose convictions connected with the operation of a motor vehicle, the Director of Motor Vehicles exceeded his authority when he revoked petitioner's license. He contends that the regulation clearly states "not * * * morally qualified to operate a motor vehicle in such manner as not to jeopardize the safety of persons or property," and that to sustain a revocation on the broad ground of "morally unfit" is to grant the Director of Motor Vehicles unlimited power to deny

1. Commissioners' Order No. 296,973/1-1371A, as amended, Part V, Traffic & Motor Vehicle Regulations of the District of Columbia.

2. Indeed, the language in the regulation was apparently copied from our Code Section 40–301(a). (1) whereby Congress gave the Commissioners the power to " * * * issue a motor vehicle operator's permit * * * to any individual * * * who, after examination, in the opinion of the Commissioners or their designated agent, is mentally, morally, and physically qualified to operate a motor vehicle in such manner as not to jeopardize the safety of individuals or property. * * *"

3. Petitioner's conviction was affirmed in James v. United States D.C.Cir., 317 F.2d 170, cert. denied, 83 S.Ct. 1874 (1963). Petitioner has filed a motion for rehearing which is pending before the Supreme Court.

operating privileges to any individual the Director feels is immoral.

In our view the Director of Motor Vehicles did not exceed his discretionary power when he revoked petitioner's license. We do not accept the proposition that petitioner's crimes must be connected with the operation of a motor vehicle before he can be found not "morally qualified to operate a motor vehicle in such manner as not to jeopardize the safety of persons or property." To so hold would unduly circumscribe the intent of both the Commissioners and Congress. Section 5(a) is a separate and distinct provision for it begins: "Notwithstanding any of the other provisions of this order, * * *." Since such offenses as reckless driving, negligent homicide, driving while under the influence of intoxicating liquor, fleeing the scene of an accident involving personal injury, and operating a motor vehicle during the commission of a felony all call for mandatory revocation, the view that only persons convicted of these offenses are within the purview of Section 5(a) would render the provision wholly superfluous. We feel that a convicted felon whose past criminal record discloses such conduct as to manifest a deliberate disregard of the criminal law, and whose past and present conduct evinces no indication of rehabilitation, may properly have his license revoked as being "morally unfit to operate a motor vehicle." A driver's license is a privilege which, in petitioner's case, may be denied as long as the danger exists that he will make such unlawful use of an automobile as will "jeopardize the safety of persons or property."

It is to be noted that we have not attempted to establish a rule which will govern all possible cases. Proof of the commission of a crime, regardless of its nature, will not be sufficient to disqualify a person from holding a driver's license under Section 5(a). We hold only that the Director of Motor Vehicles did not abuse his discretion when he found that petitioner was "morally unfit to operate a motor vehicle." [4]

Affirmed.

MYERS, Associate Judge (dissenting).

I am unable to agree with the majority opinion that the Director of Motor Vehicles did not exceed his discretionary authority in revoking petitioner's license under Section 5(a) of Part V of the Traffic and Motor Vehicle Regulations of the District of Columbia on the ground that petitioner is "morally unfit to operate a motor vehicle" by reason of a past criminal record, unconnected with the operation of a motor vehicle. Having tried unsuccessfully to revoke petitioner's license for operating a motor vehicle during the commission of a felony, there having been admittedly insufficient evidence to show petitioner had used an automobile in that connection, the Director of Motor Vehicles now appears to be attempting to achieve the same objective by unduly extending the words, "not morally qualified to operate a motor vehicle," to mean that a past criminal record alone establishes that petitioner's manner of driving would jeopardize the safety of persons or property on the public streets.

It is not denied that petitioner has a criminal record dating back as far as 1940, but no offense involved the improper operation of a motor vehicle. I cannot agree, however, that past criminal conduct should be, without more, the basis for revocation of petitioner's driver's license.

The words in Section 5(a) must be read in context. That section provides that the "* * * Director of Motor Vehicles * * * is * * * authorized in his discretion to suspend or revoke the motor vehicle operator's permit * * * of any individual who, in his opinion, is *not* * * * *morally qualified* to operate a motor

---

4. See Funaro v. Hults, 16 A.D.2d 654, 226 N.Y.S.2d 618 (1962), reversing Sup., 210 N.Y.S. 2d 405 (1960).

vehicle *in such manner as not to jeopardize the safety of persons or property * * *"* [Emphasis supplied.] As I interpret the language of this section, in order to justify revocation of a driver's license thereunder, "moral unfitness" must have some direct relationship to the qualifications of an individual to drive a car so as not to endanger the safety of persons or property. I am of the opinion that the extension of Section 5(a) so as to render a criminal record alone competent proof of moral unfitness to operate a motor vehicle, with no definite showing that such record has actually adversely affected petitioner's driving ability, was improper.

Under this interpretation, I find, in the facts of the present case, no connection between petitioner's criminal record and his "moral qualifications" to drive safely in the District of Columbia. Accordingly, I would reverse the order of revocation.