**Samuel W. JAMES, Appellant,**

v.

**DIRECTOR OF MOTOR VEHICLES, Agent for the COMMISSIONERS OF the DISTRICT OF COLUMBIA, Appellee.**

**No. 18213.**

United States Court of Appeals District of Columbia Circuit.

Argued May 21, 1963.

Decided June 25, 1964.

Mr. Milton Conn, Washington, D. C., for appellant.

Mr. David P. Sutton, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, was on the brief for appellee.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and FAHY, Circuit Judge.

PER CURIAM.

Appellee, Director of Motor Vehicles, in proceedings which are not procedurally challenged, revoked the motor vehicle operator's permit of appellant on the ground that he is morally unfit to operate a motor vehicle. The revocation was

**746.**

sustained by the District of Columbia Court of Appeals by a divided court,[1] and we granted leave to appeal to this court.

The Director grounded his action on several convictions of appellant of violations of law, including housebreaking, larceny and destroying movable property, for all of which offenses he had suffered the penalties imposed for the violations. The Director thought this criminal record enabled him to revoke the license under the authority of Section 5(a) of Part V of the Traffic and Motor Vehicle Regulations of the District of Columbia, granting the Director discretion to revoke the permit of any individual who in his opinion "is not * * * morally qualified to operate a motor vehicle in such manner as not to jeopardize the safety of persons or property * * *"

In the absence of clearer language we think the Regulation relied upon does not vest the Director with the revocation power for misconduct unrelated to the ability of an individual to operate a motor vehicle so as "not to jeopardize the safety of persons or property." These modifying words indicate that the moral disqualification must be related to the ability or judgment needed safely to operate a motor vehicle. To place in the Director the discretion here claimed for him would be to permit him to add a penalty over and above that authorized by the statutes prescribing the punishment for the crimes of which appellant had been convicted. As Judge Myers, dissenting in the District of Columbia Court of Appeals, stated, "to justify revocation of a driver's license" under Section 5(a) " 'moral unfitness' must have some direct relationship to the qual-

1. Reported at 193 A.2d 209 (1963).

2. The Director argues that such a relationship does exist here since a person "whose criminal record discloses a glaring potentiality to continuously and deliberately disregard the criminal law may * * * be determined morally unqualified to properly perform" the many duties "directly related to 'operation' of a motor

ifications of an individual to drive a car so as not to endanger the safety of persons or property."[2] Otherwise the Regulation confers a discretion so broad, and of such possibly unequal application in practice, as should not be upheld in the absence of a clearer delegation of authority than we can gather from the language of the Regulation.

Reversed.

vehicle * * * such as * * * the duty of driving within speed limits, the duty of stopping at red lights and stop signs," etc. The answer to this, however, is that the regulations specifically provide sanctions for failure to perform the above duties. See Traffic and Motor Vehicle Regulations of the District of Columbia, Part V, §§ 3, 4.