**Henry JEFFERSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**Robert COOPER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**Nos. 18878, 18924.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 14, 1965.

Decided July 9, 1965.

Mr. John L. Kilcullen (appointed by this court), Washington, D. C., for appellant in No. 18,878.

Mr. John A. Shorter, Jr., Washington, D. C., for appellant in No. 18,924.

Mr. John R. Kramer, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Joseph A. Lowther, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, McGOWAN and LEVENTHAL, Circuit Judges.

PER CURIAM:

The error asserted to infect these convictions of housebreaking and larceny derives from the trial court's failure to suppress evidence obtained from an al-

legedly unlawful search in connection with an allegedly unlawful arrest. We find no such error.

A police officer in a scout car saw a parked car bearing temporary D. C. tags and a Virginia inspection sticker. Deciding to check the ownership, he approached the driver who, with three other persons (including the appellants), was sitting in it. The driver said the car belonged to appellant Cooper, who was seated on the other side of the front seat. When the officer walked around to talk to him, he observed a blackjack lying on the floor of the car. The possession of a blackjack being illegal (22 D.C.Code § 3214(a)), the officer asked whose it was. When all four denied knowing anything about it, he asked them to get out of the car and told them that he was going to charge them all with the illegal possession. See 23 D.C.Code § 306(a) and (b), providing expressly for arrests without warrant, and for incidental searches, in respect of the possession of illegal weapons. Having already observed a tape recorder and other articles in the car, the officer asked the driver to unlock the trunk, which he did. There a number of other articles were found which were, with the tape recorder, eventually introduced into evidence as stolen. At the scene of the arrest, the officer directed the four to follow him in their car to the station, where the articles in question were removed from the car.

The officer was, it appears to us, fully authorized to make the initial inquiry about the ownership of the car, and, in the course thereof, to make the arrest for illegal possession of a blackjack. The search of the car, as an incident to that arrest, was not so remote from it in point of time or place as to be unreasonable. See Price v. United States, 120 U.S.App.D.C. ——, 348 F.2d 68, decided June 10, 1965; Adams v. United States, 118 U.S.App.D.C. 364, 336 F.2d 752 (1964), cert. denied, 379 U.S. 977, 85 S.Ct. 676, 13 L.Ed.2d 567 (1965).

The judgments appealed from are

Affirmed.