**Dennis Paul LIPTON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19541.**

United States Court of Appeals Ninth Circuit.

July 27, 1965.

Rehearing Denied Sept. 23, 1965.

F. Alfred Aycock, Fresno, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Sec., Donald C. Smaltz, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before JERTBERG and BROWNING, Circuit Judges, and BOWEN, District Judge.

## 592

BOWEN, District Judge.

Dennis Paul Lipton, appellant here, appeals from the judgment and sentence imposed by the Trial Court pursuant to his conviction by the Court sitting without a jury on the one-count indictment charging appellant under the Dyer Act with the unlawful transportation in interstate commerce of a 1951 Chevrolet automobile known to him to have been stolen.

In the Trial Court, the appellant upon his request was assigned counsel by the Court, was arraigned and pleaded not guilty, and through his counsel moved to suppress the evidence discovered by a city motorcycle patrolman respecting appellant's possible violations at Bakersfield of California's vehicular traffic laws, and leading to appellant's arrests, first, for driving without a driver's license, and second, for driving a stolen motor vehicle and finally to the charge in said indictment of his Dyer Act violation. The motion to suppress was denied by the Trial Court which set the case for jury trial, a jury trial was had, but a mistrial was ordered because the jury was unable to agree upon its verdict. Thereupon, the appellant waived jury trial and consented to trial before the Court without a jury, and at such non-jury trial the Court found the appellant guilty as charged, and initially imposed against him a two-year sentence, but later reduced it to one year, ten months and fifteen days.

The Trial Court under 18 U.S.C.A. § 2312 (the Dyer Act) had, and this Court under 28 U.S.C.A. §§ 1291 and 1294 has, jurisdiction.

Appellant's assigned errors, though not stated in his words, are in substance: (1) That there was no legal right, justification or probable cause for the officer's stopping the automobile driven by appellant and investigating appellant's driver qualifications, and (2) that the arrest of appellant was without probable cause and was unlawful.

On June 18, 1964, Bakersfield, California, motorcycle police patrol officer Snow while on traffic control duty observed appellant, a youth 18 or 19 years old, driving on a city street in Bakersfield a 1951 Chevrolet automobile with Arizona state license plates. Snow was a traffic control motorcycle patrolman whose main duty pertained to traffic control work. Pursuant to his assigned duty and utilizing the red light on his motorcycle, officer Snow stopped the Chevrolet driven by appellant to see if the driver had a driver's license.

Officer Snow asked to see appellant's driver's license, but the latter was unable to produce a driver's license or any other identification, and told the officer that he had left the license at his home. The officer then arrested the appellant for not having a driver's license or other evidence of his identity, as required by the California Vehicle Code § 40302(a). Snow then inquired of the appellant concerning his ownership and registration of the Chevrolet. Appellant told the officer he had purchased the car from his aunt, Helen Dynia, in Phoenix for $200, and produced a registration certificate in her name and said his own name was David Minsky. Upon further questioning concerning his aunt, the appellant became evasive, and did not know her street address or in what section of Phoenix she resided.

In view of the foregoing officer Snow became suspicious, and via his motorcycle radio called the Bakersfield police desk sergeant and requested information as to whether the Chevrolet was a stolen vehicle. While that radio communication was occurring, appellant said he might have some identification, went around to the other side of the car "as if to get into the glove compartment," but instead of stopping there he then broke and ran, the officer pursued him on foot for about two blocks, overtook the appellant and returned with him to the officer's motorcycle. Then officer Snow, in response to his radio inquiry, was informed that the Chevrolet had been reported stolen by the Arizona highway patrol. Thereupon, appellant was arrested again, this time for driving a stolen vehicle, and was turned over to a detective of the Bakersfield police department for further investiga-

tion and transportation to that department.

The foregoing evidence related to events occurring before and at the time of appellant's final arrest by officer Snow.

No acts of Congress governing the conduct of inspecting and arresting officers in cases relating to traffic control on the public highways have been cited or brought to our attention, and we are not advised of any. In United States v. Di Re, 332 U.S. 581, 589, 68 S.Ct. 222, 226, 92 L.Ed. 210, 217, the Supreme Court held:

> "* * * that in absence of an applicable federal statute the law of the state where an arrest without warrant takes place determines its validity."

Likewise in Burks v. United States, 9 Cir., 1961, 287 F.2d 117, cert. denied 369 U.S. 841, 82 S.Ct. 868, 7 L.Ed.2d 846, this court at page 122 held:

> "State law determines the validity of arrests without warrants, subject to such minimum standards as the Supreme Court may rule are required by constitutional standards. * * (citations omitted). Thus it is not relevant that appellant was finally indicted for a federal offense; if his arrest was valid under state law, the subsequent search and seizure was valid and the evidence so obtained admissible in the federal prosecution."

California Vehicle Code, Section 12500 (a) provides:

> "(a) No person shall drive a motor vehicle upon a highway unless he then holds a driver's license issued under this code, except such persons as are expressly exempted under this code."

That provision applies to non-resident minors, California Vehicle Code 12504.

California Vehicle Code, Section 12951 provides in pertinent part:

> "The licensee shall have the license issued to him in his possession at all times when driving a motor vehicle

upon a highway and when driving shall display the same upon demand of a peace officer enforcing the provisions of this code."

As above noted, California is an automobile-license state which prohibits the driving of a motor vehicle on a highway unless the driver "then holds a driver's license issued under this code" (§ 12500 (a), supra). The California law (§ 12951, supra) further requires the driver licensee while driving on a highway to have in his possession and to display his driver's license "upon demand of a peace officer enforcing the provisions of the code," and that law applies to non-resident minors (§ 12504, supra) and provides that they may upon certain conditions use valid licenses issued to them by other states. The necessary implication of those code provisions is that a peace officer in the proper discharge of his duty has the right to stop a driver and make such demand.

 Since appellant's car was subject to the licensing provisions of the California Vehicle Code, it was lawful for the officer to stop the car to investigate the driver's possession of a license to drive the car on the California highway in question. No other way was available to the officer to determine whether appellant possessed the required license. The momentary detention of appellant for this limited purpose was not an arrest of appellant since under the California law arrest is defined as "taking a person into custody." Busby v. United States, 9 Cir., 1961, 296 F.2d 328, 331 (citing and quoting from Cal.Penal Code § 834). If stopping appellant for the sole purpose of inquiring whether he held a license for the activity in which he was engaged was in any sense a "seizure" it was not an "unreasonable" one, and did not violate any right given appellant by the Fourth Amendment, made applicable to the State by the Fourteenth. Cf. Rios v. United States, 364 U.S. 253, 262, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960). A contrary holding would render unenforceable the State statute requiring that automobile drivers be licensed.

This does not mean that a traffic officer might stop an automobile and ask to see the operator's license as a ruse in an intended search for evidence of some possible crime unrelated to possession of a driver's license. Taglavore v. United States, 9 Cir., 1961, 291 F.2d 262. We are satisfied that there was no such improper objective involved in this case.

 When appellant was unable to produce the driver's license in response to officer Snow's demand, then the officer had probable cause to arrest the appellant, as he did, for violation of § 12951 of the California Vehicle Code. Upon learning via radio from his headquarters that the car was a stolen car in the possession of appellant, the officer then had probable cause for arresting appellant, as was done, on the further charge of driving a stolen vehicle.

We have considered the authorities cited by appellant and appellee, but in view of the factual variance between them and our case, we believe our decision here should not be altered by the decisions or provisions of such cited authorities.

 Appellant contends that officers should have advised appellant of his constitutional rights to have counsel and to remain silent, and failed to do so. Since this issue was not raised below and the pertinent facts therefore were not developed in the record, we cannot consider it.

 The evidence was more than adequate to support the conviction. In addition to that already recited, witness Helen Dynia of Phoenix testified that she was the owner of the Chevrolet in question, that it had been taken from a parking lot in Phoenix on May 29, 1964, without her permission or knowledge, and that she neither knew nor was related to appellant. Also, during the trial, FBI agent Brown testified that, after advising appellant of his right to counsel, of his right against self-incrimination, and that what he said could be used against him in Court, he interviewed appellant in the Kern County Jail at Bakersfield, and that

appellant then said he had purchased the car from an unknown party in Phoenix for $50, and, that, after waiting three or four days for car title papers promised by that unknown seller without receiving them, he had driven the car directly from Arizona to California.

Appellant has failed to sustain each and all of his assignments of error and his objections to the judgment and sentence of the Trial Court.

The judgment and sentence of the Trial Court are affirmed.