Larry C. **MINCY**, Appellant,

v.

**DISTRICT OF COLUMBIA**, Appellee.

No. 3789.

District of Columbia Court of Appeals.

Submitted Dec. 13, 1965.

Decided April 15, 1966.

Rex K. Nelson, Washington, D. C., for appellant.

Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair and David P. Sutton, Asst. Corp. Counsel, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This appeal is from a conviction of operating a motor vehicle during a period for which appellant's operator's permit had been revoked. D.C. Code 1961, § 40–302(d). No contention is made here that appellant is not guilty of the offense, but error is assigned with respect to the method by which evidence of his guilt was obtained.

The evidence, concerning which there is no dispute, was that near midnight appellant was driving his automobile and came to a halt at a stop light. While the automobile was stopped, a police officer on foot approached, tapped on the window, and directed appellant to pull over to the curb. Appellant obeyed and the officer then asked to see appellant's driver's permit and registration. Appellant showed his registration card but could not produce a driver's permit and finally admitted that his permit had been revoked. He was taken to the police precinct where the officer ascertained that

appellant's permit had in fact been revoked. Appellant was then charged with driving after revocation.

The officer testified that he had observed no improper driving by appellant, that he was merely making a spot check on appellant's driving credentials, and that it was his custom to make five or six checks each time he was on duty. He further testified he had no particular directive to make such checks, but was usually asked by the officer in charge of the precinct how many checks had been made during his tour.

 Appellant argues that in the absence of enabling legislation Metropolitan Police officers have no authority to arrest motorists on the highways solely for the purpose of checking registrations and permits. This argument assumes that the appellant was arrested when the officer stopped him and asked to see his permit. We do not agree with this assumption. The arrest did not occur until appellant failed to exhibit his operator's permit and admitted that it had been revoked.

The officer's stopping of appellant to ascertain whether he possessed a valid permit was a "routine interrogation" and was not an arrest.[1] For the safety of the public every operator is required to obtain a permit and to have such permit in his immediate possession at all times when operating a motor vehicle, and he is required to "exhibit such permit to any police officer when demand is made therefor." D.C. Code 1961, § 40–301(c). Enforcement of this law, and many other laws and regulations, can be accomplished only by routine investigation and interrogation. In some jurisdictions road-blocks have been set up

and all passing motorists required to stop and exhibit their permits.[2] Surely no one would say that such a motorist who is stopped, exhibits his permit and then is allowed to proceed, has been arrested.

A routine spot check of a motorist to ascertain if he has complied with the requirement of possession of a permit is neither unreasonable nor invalid, provided such check is not used as a substitute for a search for evidence of some possible crime unrelated to possession of a driver's permit.[3] There is no intimation or suggestion in this case that the check was made for ulterior purposes.

Affirmed.

---

1. See Rios v. United States, 364 U.S. 253, 261–262, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960), on remand, 192 F.Supp. 888 (S. D.Cal.1961) ; Bowling v. United States, D.C.Cir., 350 F.2d 1002 (1965).

2. See Commonwealth v. Mitchell, 355 S.W. 2d 686 (Ky.Ct.App.1962) ; City of Miami v. Aronovitz, 114 So.2d 784 (S.Ct.Fla. 1959).

3. Lipton v. United States, 348 F.2d 591 (9th Cir. 1965) ; Morgan v. Town of Heidelberg, 246 Miss. 481, 150 So.2d 512 (1963) ; State v. Williams, 237 S.C. 252, 116 S.E.2d 858 (1960) ; Robertson v. State, 184 Tenn. 277, 198 S.W.2d 633 (1947) ; Cox v. State, 181 Tenn. 344, 181 S.W.2d 338, 154 A.L.R. 809 (1944).