UNITED STATES of America, Appellee,

v.

Albert Archie BERRY, Appellant in No. 15807.

UNITED STATES of America, Appellee,

v.

Frank Joseph LECZA, Appellant in No. 15808.

Nos. 15807, 15808.

United States Court of Appeals Third Circuit.

Argued June 16, 1966.

Decided Dec. 2, 1966.

Austin Hogan, Asst. Defender, Defender Ass'n of Philadelphia, Philadelphia, Pa., for appellants.

Francis R. Crumlish, Asst. U. S. Atty., Philadelphia, Pa. (Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before GANEY and SMITH, Circuit Judges, and KIRKPATRICK, District Judge.

## OPINION OF THE COURT.

### PER CURIAM.

The appellants, charged in the District Court with interstate transportation of a stolen motor vehicle, were tried, convicted, and sentenced. Prior to the trial, they had moved to suppress certain evidence, including confessions, obtained as the result of an allegedly illegal arrest, which motion the judge heard at the trial and denied. The error assigned on this appeal was the admission of the evidence which had been the subject of the motion to suppress. The facts which the appellants contend support their charge of error are as follows:

On October 26, 1965, the appellants were riding in an automobile bearing Connecticut license plates, on a principal street of the City of Lancaster, Pennsylvania. Two police officers on routine patrol in a cruiser car followed them and observed that their automobile was being driven in what appeared to be a somewhat unusual manner, slowing down almost to a stop at successive intersections although the lights were green, while the occupants looked around. The officers noted that there was a policeman standing in full view, and had the appellants been uncertain of their route, they could have easily inquired of him, but they did not.

The appellants' car came to a stop at a red light, the officers pulled abreast, and one of them asked the driver, "would you please pull the car over to the right there when you cross through the intersection." This the driver (one of the appellants) did, and the officer walked up to the car and asked him if he could see the owner's and operator's cards. The driver produced a current motor vehicle registration card from the glove compartment which he said was his operator's card. The officer pointed out that it was an owner's, not an operator's, card, whereupon the driver produced two Connecticut operator's license cards, one five years old and one three years. The officer noticed that the height, weight, and age entered upon the cards did not correspond with the driver's physical appearance, and when the latter was unable to produce a current operator's license, the officer said that they would have to take him to the police station "and get this straightened out." At the police station, the appellants were questioned, and after a short time one of them blurted out, "Okay, we have stolen this car in Connecticut." The other appellant chimed in and gave facts "relating to how they took the car."

The ground for the motion to suppress was the well established rule that evidence obtained as the result of an illegal arrest or search is inadmissible in a prosecution for a criminal offense. In the present case the officer's request to the driver to pull over to the curb was not an arrest. The law of Pennsylvania affirms the right of any peace officer in uniform to stop a motor vehicle and provides that the operator shall, upon request, exhibit his registration card or operator's card. 75 P.S. § 1221.

Assuming that the officer's statement that he would have to take the occupants of the car to the police station constituted an arrest, it was a legal one. At that time, from the cards produced and the driver's false statements, the officer had every reason to believe that the driver was operating a car without a valid operator's license and reasonable grounds to suspect that the car did not belong to him. Under these circumstances, there was no error in admitting the testimony of the officers as to the

appellants' confessions and the license cards and denying the motion for new trial and in arrest of judgment.* See D'Argento v. United States, 9 Cir., 353 F.2d 327; Lipton v. United States, 9 Cir., 348 F.2d 591; Jefferson v. United States, 121 U.S.App.D.C. 279, 349 F.2d 714.

The judgments and sentences of the Trial Court will be affirmed.

---

* The trial took place on January 11, 1966, and the appellants were sentenced on January 26, 1966. Thus, all relevant events occurred prior to the decision of the Supreme Court in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.