[Crim. No. 14309. Second Dist., Div. One. Dec. 19, 1967.]

THE PEOPLE, Plaintiff and Appellant, v. FERNANDO DE LA TORRE, Defendant and Respondent.

Evelle J. Younger, District Attorney, Harry Wood, Gerald L. Chaleff, Harry B. Sondheim and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

Adolph Bustos for Defendant and Respondent.

THE COURT. — Defendant was charged in a complaint filed in the Municipal Court of East Los Angeles Judicial District with having violated section 23102, subdivision (a), of the Vehicle Code (driving an automobile while under the influence of intoxicating liquor) on December 23, 1966. On April 19, 1967, the trial court granted defendant's motion to dismiss on the ground that section 2814 of the Vehicle Code is unconstitutional. The People appealed to the Appellate Department of the Superior Court for Los Angeles County on the ground that the trial court erroneously dismissed the case.

The settled statement on appeal reads in part as follows: "It was stipulated by counsel for the People and the defendant that in this case the defendant initially stopped his vehicle during the late evening hours of December 23, 1966, at a location established by the California Highway Patrol pursuant to Vehicle Code Section 2814. It was further stipulated, for purposes of defendant's motion only, that, absent the validity of the procedures permitted by Vehicle Code Section 2814, there was no probable cause to stop the defendant. As a result of this stopping, an investigation produced evidence which led to the filing of a criminal complaint against the defendant. The trial court, at the request of the defendant, dismissed the complaint. The complaint was dismissed solely on the ground that Vehicle Code Section 2814 is unconstitutional on its face and, if it is unconstitutional, any evidence obtained thereafter in said case was unconstitutionally obtained."

The appellate department filed its memorandum opinion and judgment on October 23, 1967, reversing the order of dismissal and remanding the case with instructions to reinstate the proceedings. It thereupon certified the appeal to this court in order to settle an important question of law and to secure uniformity of decision.

The question certified is whether section 2814 of the Vehicle Code is constitutional. That section reads: "§ 2814. Every driver of a passenger vehicle shall stop and submit the vehicle to an inspection of the mechanical condition and

equipment of the vehicle at any location where members of the California Highway Patrol are conducting tests and inspections of passenger vehicles and when signs are displayed requiring such stop. . . .''

We agree with the appellate department that section 2814 of the Vehicle Code is not unconstitutional on its face, for the reasons stated in the opinion written for that court by Judge Whyte, in which Presiding Judge Aiso and Judge Meyer concurred, and adopt that opinion as our own.[a] That opinion reads as follows:

''Upon holding Vehicle Code section 2814[1] unconstitutional on its face the trial court granted defendant's motion to dismiss the action. Thus our task is strictly limited. We are not called upon to determine the guilt or innocence of the defendant, nor whether the Vehicle Code section was being used as a subterfuge by the police, nor whether an otherwise constitutional statute was being unconstitutionally applied to this defendant. We determine and hold only that Vehicle Code section 2814 properly used in accordance with the intent of the Legislature expressed therein is constitutional.

''The prior California cases are not determinative. *Wirin* v. *Horrall* (1948) 85 Cal.App.2d 497 [193 P.2d 470], the original roadblock case, involves an indiscriminate stopping and searching of not only all vehicles entering or leaving the area but all persons as well. Such a searching for evidence of crimes of every sort, vehicular or otherwise, is clearly 'unreasonable' and within the constitutional inhibitions. *People* v. *Gale* (1956) 46 Cal.2d 253 [294 P.2d 13], likewise involved a general search of car and occupants 'to curb the juvenile problem and also check for, well, anything that we might find, anything that looked supicious.' The Supreme Court carefully pointed out that it was not contended 'that the officers were conducting an investigation authorized by that

---

[a] At the request of the People, there being no objection, we have taken judicial notice of the copies of official acts of the legislative and executive departments of the State of California, and the United States which were attached as appendices A through L to appellant's brief filed with the appellate department. (Evid. Code, §§ 452, 453, 459.)

''[1] The first paragraph of section 2814 reads as follows: 'Every driver of a passenger vehicle shall stop and submit the vehicle to an inspection of the mechanical condition and equipment of the vehicle at any location where members of the California Highway Patrol are conducting tests and inspections. of passenger vehicles and when signs are displayed requiring such stop.'

''Paragraph two concerns stickers evidencing that the vehicle has been inspected and found safe and paragraph three provides for issuance of citations for mechanically unsafe vehicles.

[the Vehicle] code.' (See page 257.) Even *People* v. *Holmes* (1964) CR.A. 5786, recognizes that 'Blockades under some circumstances are legally proper.' It is interesting to note that A. L. Wirin, the plaintiff in *Wirin* v. *Horrall* and amicus curiae in support of defendant in *People* v. *Gale,* filed an amicus curiae brief in the *Holmes* case supporting the blockade therein involved.

"If Justice Traynor (in his opinion in *People* v. *Gale*) was not suggesting that he felt a roadblock authorized and conducted solely for legitimate purposes under the provisions of the Vehicle Code would be legal, he at least makes it abundantly clear that the decision is not to be read as indicating such would be illegal. We therefore turn to the out-of-state authorities.

" 'The increasing slaughter on our highways, most of which should be avoidable, now reaches the astounding figures only heard of on the battlefield. The States, through safety measures, modern scientific methods, and strict enforcement of traffic laws, are using all reasonable means to make automobile driving less dangerous.' (*Breithaupt* v. *Abram* (1957) 352 U.S. 432 at p. 439 [1 L.Ed.2d 448 at p. 453, 77 S.Ct. 408].) 'The State can practice preventative therapy by reasonable road checks to ascertain whether man and machine meet the legislative determination of fitness.' (*Myricks* v. *United States* (5th Cir. 1967) 370 F.2d 901, 904.) ' [S]o long as the regulations themselves are reasonable and are reasonably executed in the interest of the public good, the courts should not interfere.' (*City of Miami* v. *Aronovitz* (Fla. 1959) 114 So.2d 784.)

"While there may be some difference of opinion as to the frequency of accidents to which unsafe mechanical condition and equipment contribute, there is no doubt such is an important factor. See 'Motor Vehicle Inspection,' Report of the Committee on Transportation and Commerce, Assembly Interim Committee Reports Vol. 3, No. 10; State of California 'State Highway Safety Program Standards Vehicle Inspection.' While many states require all vehicles to undergo periodic safety checks, California reaches the same problem by random checks supported, if necessary, by road blocks. Although the periodic check involves an interference with a person's absolute liberty, he must lay other work or pleasure aside and take time to bring his vehicle in for inspection, no case challenging its constitutional validity has been found.

"In addition to *City of Miami* v. *Aronovitz, supra,* road-

blocks for vehicle or license checks have been upheld as constitutionally valid in *Morgan* v. *Town of Heidelberg* (Miss. 1963) 246 Miss. 481 [150 So.2d 512] ; *Commonwealth* v. *Mitchell* (Ky. 1962) 355 S.W.2d 686; and *State* v. *Kabayama* (1967) 94 N.J.Super. 78 [226 A.2d 760]. Routine roadchecks without probable cause other than the statute authorizing the same were upheld in *Myricks* v. *United States, supra*; *Lipton* v. *United States* (9th Cir. 1965) 348 F.2d 591; *D'Argento* v. *United States* (9th Cir. 1965) 353 F.2d 327; *Mincy* v. *District of Columbia* (1966) 218 A.2d 507. See also *United States* v. *Berry* (3d Cir. 1966) 369 F.2d 386.

"A motorist who has been so stopped has not been arrested. (*Mincy* v. *District of Columbia, supra*; cf. *People* v. *Mickelson* (1963) 59 Cal.2d 448 [30 Cal.Rptr. 18, 380 P.2d 658].) The duty of a motorist to stop and submit to a routine check is similar to that of a person abroad at night to stop and identify himself. (See *People* v. *Weger* (1967) 251 Cal.App. 2d 584 [59 Cal.Rptr. 661], particularly concurring opinion of Justice Fleming, p. 683.)

"Once the vehicle has been properly stopped for routine check, the officers are not required to blind themselves to what may be obvious (*Morgan* v. *Town of Heidelberg, supra*), nor refrain from search if the defendant voluntarily consents (*People* v. *Cowman* (1963) 223 Cal.App.2d 109 [35 Cal.Rptr. 528]).

"One of respondent's main arguments is based upon 'an individual's right of mobility.' However, when this 'right' is exercised through the operation of a motor vehicle it is subject to close regulation under the Vehicle Code. The privilege of operating a motor vehicle may be taxed. (*In re Schuler* (1914) 167 Cal. 282 [139 P. 685, Ann.Cas. 1915C 706]; *Lord* v. *Henderson* (1951) 105 Cal.App.2d 426 [234 P.2d 197].) Such privilege represented by a driver's license may also in a proper case be summarily revoked and withheld without violating due process. (*Escobedo* v. *State of California* (1950) 35 Cal.2d 870 [222 P.2d 1].) To this extent such 'right of mobility' is not an inalienable right. As is said in *Commonwealth* v. *Mitchell, supra,* at p. 688: 'There must always be a logical appreciation of the demands of public safety to which an individual's personal liberties must yield when such yielding is not of an inalienable right or one that is vital but is merely an inconvenience. It is settled that the enjoyment of many personal rights and freedoms is subject to many kinds of restraints under the police power of the

state, which includes reasonable conditions as may be determined by the governmental authorities to be essential to the safety, good order and public welfare of the people.' "

The order of dismissal is reversed and the cause remanded to the trial court with instructions to reinstate the proceedings.

Respondent's petition for a hearing by the Supreme Court was denied February 14, 1968.