**UNITED STATES of America**

v.

**Donald Earl VANGUILDER.**

**Crim. No. 28013.**

United States District Court
D. Maryland.

March 17, 1969.

Stephen H. Sachs, U. S. Atty., and Stephen D. Shawe, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Alan M. Wolf, Baltimore, Md., court-appointed, for defendant.

THOMSEN, Chief Judge.

Defendant, charged with interstate transportation of a Volkswagen from Florida to Maryland, knowing it to have been stolen, and being tried before the Court without a jury, has moved to strike evidence that he was driving the car in Maryland, one or two false exculpatory statements and several admissions, on the ground, among others, that he was illegally stopped and arrested by the State Police.

The evidence shows that an employee of a restaurant on Route 40 in Garrett County, Maryland, called the State Police about midnight on February 18, 1968, stating that the driver of a Volkswagen with Florida license plates had been inquiring about the movement of police in that area and acting in a suspicious manner. The report was broadcast, and after a three-way radio conversation Trooper Andrews was directed to stop the car and check the driver's operator's permit and the registration card. The trooper did so near Cumberland, Maryland, about 1 a. m. on February 19, and defendant, who was driving the car, was unable to produce either an operator's permit or a registration card. He was arrested for and charged with those violations, and after an interview with an FBI agent was also charged with violation of the Dyer Act. The State Police had not observed any violation of the motor vehicle law by defendant before he was stopped for the "routine registration check."

Whether the stopping and arrest of defendant were proper, depends upon the State law. United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948); Lipton v. United States, 348 F.2d 591 (9 Cir. 1965); Nicholson v. United States, 355 F.2d 80 (5 Cir. 1966); United States v. Berry, 369 F.2d 386 (3 Cir. 1966).

In Burkett v. State, 5 Md.App. 211, 245 A.2d 911 (1968), the Court held that a similar stopping and arrest were legal under Maryland law. See also 43 Op. Atty.Genl. (Md.) 249, which discusses the change in the Maryland Statutes made in 1943. Art. 66½, secs. 31 and 97, Anno. Code of Md. (1957 ed.).

Insofar as the motion to strike is based upon the alleged illegal stopping of the car and the alleged illegal arrest of the defendant, it is hereby denied.