**Johnny D. WILLIAMS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5021.**

District of Columbia Court of Appeals.

Argued Sept. 29, 1969.

Decided March 24, 1970.

T. Emmett McKenzie, Washington, D. C., appointed by this court for appellant.

John Ellsworth Stein, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before KELLY, KERN and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge.

This is an appeal from convictions for illegal possession of narcotics and narcotics vagrancy,[1] as the result of which appellant received sentences of one year on each charge, to run concurrently.

---

1. D.C.Code 1967, § 33–416a(b) (1) (B). This statute is the so-called "PAD" section, referring to the presence of a person convicted of a narcotics offense in a place in which illicit narcotic drugs are found, and will be referred to as such in this opinion.

One Sergeant John R. Driscoll of the Metropolitan Police was on duty the day of February 12, 1968, crusing the 1400 block of the U Street, N.W., with his partner, Private Anthony Segaria. As he turned right, going south on 14th Street N.W., he observed appellant driving a gray Cadillac, which turned right going north on the same street. He recognized appellant as having a prior narcotics offender record, and was "concerned whether he had a valid D. C. driver's permit," which might have been revoked as the result of those convictions.[2]

Pursuing this inquiry, the Sergeant made a "U-turn" and pulled the patrol car in front of the Cadillac, which had stopped about 25 feet north of the U Street curb on 14th Street, N.W. Both officers left the patrol car and approached the vehicle in which appellant and one passenger were sitting. As Sergeant Driscoll neared the car he saw appellant reach between the front seats to the rear and bring his arm back. While he waited for appellant to produce his driver's permit and registration, his partner engaged in conversation with the passenger. In so doing, Private Segaria looked through the back side window of the car, and noticed capsules containing white powder on the back floor behind the passenger side. Appellant and the passenger were arrested for narcotics violations, warned of their rights, and transported to the precinct station.

After appellant entered pleas of not guilty to both charges a pre-trial hearing was held on his motion to suppress the narcotics, which the motions court denied. At trial appellant renewed that motion and offered a motion for severance of the two charges, claiming both misjoinder[3] and prejudicial joinder.[4] Both motions were denied and the case proceeded to trial, only to result in a hung jury. At a second trial appellant renewed his motions. The motion to suppress was denied, the court finding that the officers had the right under D.C.Code 1967, § 40–301(c) to stop appellant and ask for his permit, that the stop was not a "sham" for an illegal search, and that the narcotics were in "plain view." The motion for severance was denied by the court on the ground of failure to comply with the rules of court in that appellant had not filed the motion prior to trial. The denial of these motions, appellant claims, was erroneous.

We must reject appellant's fourth amendment contention on the basis of the trial court's explicit findings. As a routine police traffic investigation, the officers' actions were authorized by statute and court decision.[5] Under the circumstances, the interrogation of appellant and his passenger by the two officers did not constitute an arrest. *See* Bowling v. United States, 122 U.S.App.D.C. 25, 26, 350 F.2d 1002, 1003 (1965); Jefferson v. United States, 121 U.S.App.D.C. 279, 280, 349 F.2d 714, 715 (1965). It follows that when the officers observed the capsules in "plain view" they had the right to seize them and to arrest the occupants of the vehicle. *See* Rios v. United States, 364 U.S. 253, 262, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960); *accord,* Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); Ker v. California, 374 U.S. 23, 43, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).

We similarly see no reason to reverse appellant's convictions on the basis of the asserted misjoinder or prejudicial joinder of offenses. We think that joinder of the charges of possession of narcotics

---

2. Sergeant Driscoll testified that he was required to fill out a form for the traffic department "when an addict has been seen in an automobile." In any event, he considered his action a routine police traffic inquiry authorized by D.C.Code 1967, § 40–301(c). *See* Mincy v. District of Columbia, D.C.App., 218 A.2d 507 (1966).

3. GS Crim.R. 8(a).

4. GS Crim.R. 14.

5. D.C.Code 1967, § 40–301(c). *See* Mincy v. District of Columbia, D.C.App., 218 A.2d 507 (1966).

and "PAD" is permissible under GS Crim. R. 8(a) as they were of a similar character and in large measure were based on the same transaction.[6]

Turning to prejudicial joinder, appellant's motion for severance under GS Crim.R. 14 was first made at the outset of trial. The court ruled it untimely, as no motion had been filed prior to trial in accordance with GS Crim.R. 12(b). Appellant argues that the Government's evidence establishing "narcotics addiction" under the narcotics vagrancy charge necessarily prejudiced him on the charge of illegal possession of narcotics.

The fact is, however, that the two charges arose out of the same simple event, that is, finding the narcotics in appellant's possession in the automobile. This essential fact would have been admissible in each trial if the charges had been tried separately. Furthermore, the trial court instructed the jury that they could not infer that he must be guilty in this case since there was a prior conviction of a narcotics offense; and that their verdict on one count of the information should not influence their verdict on the other count. The evidence was brief, simple and adequate to support convictions for both charges. There is no basis to conclude that the jury " 'could not keep separate what was relevant to each [charge].' " Drew v. United States, 118 U.S.App.D.C. 11, 17, 331 F.2d 85, 91 (1964), quoting United States v. Lotsch, 102 F.2d 35, 36 (2d Cir.1939).[7]

■ There is always apt to be a certain amount of prejudice to a defendant when offenses are joined for trial.

However, "in any given case the court must weigh prejudice to the defendant caused by the joinder against the obviously important considerations of economy and expedition in judicial administration." Drew, supra, 118 U.S.App.D.C. at 14, 331 F.2d at 88. Appellant's burden of persuasion is heavy on this question for we review only for abuse of discretion by the trial court in denying the motion for severance. See Blunt v. United States, 131 U.S.App.D.C. 306, 311–312, 404 F.2d 1283, 1288 (1968).[8] All circumstances considered, we conclude reversal is not required for prejudicial misjoinder.

■ Appellant was given equal concurrent sentences on the two charges. This consideration alone is reasonably viewed as sufficient in this case to "make unnecessary any inquiry by us into the possibility of such prejudice." Baker v. United States, 131 U.S.App.D.C. 7, 22, 401 F.2d 958, 972–973 (1968).

■ Finally, we note that the element of "scienter" was not charged in the narcotics vagrancy information as now required by this court's decision in United States v. McClough, D.C.App., 263 A.2d 48 (1970). We do not view this as fatal here, however, in view of the concurrent sentences. On this record, as a realistic matter, we do not foresee collateral consequences warranting our vacation of the judgment on this charge because of McClough, supra. See United States v. Hooper, U.S.App.D.C. (No. 22,545, decided March 6, 1970).

Accordingly, the judgments are

Affirmed.

---

6. The Rule, in pertinent portion, is as follows:
   [O]ffenses may be charged in the same information * * * if the offenses charged are of the same or similar character or are based on the same act or transaction * * *.

7. We note in passing that appellant testified in his own defense. Thus, the prior narcotics conviction could have been introduced to impeach his credibility. Com-

pare Brooke v. United States, 128 U.S.App.D.C. 19, 385 F.2d 279 (1967).

8. While the trial judge denied the motion for severance at the outset of the trial on the ground of untimeliness, our review of the record of the trial, as we indicate, discloses no reason for reversal on the merits of the motion. In addition, appellant renewed his objection at the close of the Government's evidence at which time the court again ruled adversely.