THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHN H. FRANCIS, Defendant-Appellee.

(No. 71-108; )

Second District—March 1, 1971.

William V. Hopf, State's Attorney, of Wheaton, (Ralph J. Gust, Jr., Assistant State's Attorney, of counsel,) for the People.

Marco & Manniana, of Downers Grove, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The plaintiff appeals from an order granting defendant's motion to suppress certain evidence.

The State's evidence disclosed that at about 9:20 P.M. a police officer on patrol saw defendant's car parked facing north with one of its wheels on the road. The officer parked his squad car behind defendant's auto and walked toward it. He testified that, at the time, there were no occupants in the vehicle and defendant was standing about 10-15 feet east of it. He asked if he could assist in getting defendant's car off the roadway to avoid an accident and the defendant responded that he would move

the car. Immediately after the response the officer asked for defendant's drivers license. The defendant failed to produce one. The officer checked with headquarters and learned that defendant's license was revoked. He then arrested the defendant and, allowing the vehicle to remain in the same position, took defendant to the police station and charged him with driving while his license was revoked. Ill. Rev. Stat. 1969, ch. 95½, par. 6—303.

Under cross-examination, the defendant testified that he was not driving the car and when asked who was with him, replied, "no one at that time."

Relying upon *People v. Harr* (1968), 93 Ill.App.2d 146, the trial court allowed the motion to suppress.

On appeal, the State contends that the officer's request for defendant's drivers license was proper, that the *Harr* case was distinguishable and not in point, and that *Harr* did not invalidate provisions of the Driver Licensing Law which authorize police officers to request production of drivers' licenses.

Section 6—112 of the Driver Licensing Law (Ill. Rev. Stat. 1969, ch. 95½, par. 6—112) states in part:

"Every licensee * * * shall have his drivers license * * * in his immediate possession at all times *when operating a motor vehicle* and * * * shall display such license * * * upon demand * * *." (Emphasis added.)

In *Harr,* this Court held the section could not be used as a subterfuge to obtain information or evidence not related to the licensing requirement. In *People v. Miezio* (1968), 103 Ill.App.2d 398, we distinguished *Harr* on the basis that the defendant therein had committed a separate offense for which he was stopped. In the case before us there was no other offense, the car was not stopped by the officer (it was parked) and the officer's purpose in stopping was to lend aid which cannot be considered a subterfuge but a duty. We agree with the State; the *Harr* decision is not applicable to the facts in the instant case.

Whether the facts disclosed by the record require a reversal of the trial court's order is a question resolved by an interpretation of section 6—112. Therein a police officer is authorized to demand the production of a drivers license.

It is defendant's position that to invoke the authority granted there must first be probable cause. The contention is founded on the premise that when an officer detains a motorist under the section, such detention is tantamount to an arrest without a warrant; that for the subsequent search and seizure to be valid, the initial arrest must be based upon probable cause.

■■ For the defendant's argument to prevail we must first assume that an arrest takes place when a police officer detains a motorist for the sole purpose of checking his drivers license. We have not been cited nor has our research disclosed a case in Illinois that so holds. Other jurisdictions (under an almost identical provision) have held that the stopping of a motorist for the purpose of checking his driver's license is not an arrest but a momentary detention or "routine interrogation." *Lipton v. United States* (9th Cir. 1965), 348 F.2d 591; *Mincy v. District of Columbia* (D.C. App. 1966), 218 A.2d 507; *Morgan v. Town of Heidelberg* (S. Ct. Miss. 1963), 150 So.2d 512. As to the validity of such provision, see (in addition to above) *People v. Russo* (Cr. Ct. N.Y. 1963), 239 N.Y.S.2d 374; *State v. Campbell* (S. Ct. R.I. 1963), 187 A.2d 543; and *State v. Yoss* (Ohio App. 1967), 225 N.E.2d 275. Also see, 6 A.L.R.3d 506-512.

Further, to adopt defendant's argument would require some other offense to have been committed before a police officer could demand a drivers license to be displayed. This, in effect, would vitiate the purpose of the section.

■■ We conclude, as did the Court in *Mincy, supra*, p. 508:

"A routine spot check of a motorist to ascertain if he has complied with the requirement of possession of a permit is neither unreasonable nor invalid, provided such check is not used as a substitute for a search for evidence of some possible crime unrelated to possession of a driver's permit."

Still unresolved is the State's position. It *does not* raise or argue the issue that, under circumstantial evidence, defendant must have driven his vehicle to the place of the occurrence, but rather takes the position (in both its original and reply briefs) that Section 6—112 authorizes a police officer, as described in the section, to demand the production of a drivers license whenever he "notices that the person near the car is going to drive that car."

■■ We are of the opinion that acceptance of this position would amount to an unwarranted extension of the authority granted by the Legislature. (Contra, *Shipley v. State* (Ct. of App., Md. 1966), 220 A.2d 585 and *Taylor v. State* (App. Md. 1970), 264 A.2d 870.) Under criminal law, with few exceptions, the complained of act must have occurred. This has application to the present case. The "possession" referred to within the section is conditional, such possession being necessary only "when operating a motor vehicle." We interpret this phrase to mean the act of operating a motor vehicle, not the intent alone to do so.

Since the State chose to confine this appeal to the specific issue stated, and there being no evidence in the record relied upon by the State which reflects that defendant actually drove the vehicle, we must affirm the

68

order of the trial court. See *People v. Ammons* (1968), 103 Ill.App.2d 441, 444-445.

Order affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.