**UNITED STATES of America, Plaintiff-Appellant,**

v.

**David Michael PRAZAK, Defendant-Appellee.**

**No. 73–2295.**

United States Court of Appeals, Ninth Circuit.

July 11, 1974.

Donald F. Shanahan, Asst. U. S. Atty., (argued), San Diego, Cal., for plaintiff-appellant.

Kendall M. Squires (argued, San Diego, Cal., for defendant-appellee.

Before MERRILL and TRASK, Circuit Judges, and GRAY,* District Judge.

## OPINION

MERRILL, Circuit Judge:

The United States appeals from an order of the District Court granting appellee's motion to suppress evidence consisting of certain zip guns obtained from appellee's car.

Appellee had been stopped by two California highway patrol officers who tested him for drunken driving and then ar-rested him. Pursuant to highway patrol regulations, they gave appellee the choice of having his car impounded or parked and secured. Appellee asked that the car be moved to a parking space and left there. The car was moved as requested. To "secure" the car, one officer, without appellee's request or consent, removed a sport coat from the rear seat, locked the car doors and opened the locked trunk to place the coat inside. When he opened the trunk, the officer saw a zip gun. He then searched the interior of the trunk and found six more.

The United States justifies the opening of the trunk as a reasonable means of rendering the car and its contents secure, and thus encompassed within the request of the appellee. We agree.

By appellee's request, the officer was placed in the position of doing for appellee that which appellee was incapacitated from doing for himself. Under these circumstances the proper test, in our view, is whether what the officer did can be said to have been what appellee himself reasonably would have done had he been able to act for himself. Placing the sport coat in the trunk rather than leaving it in view on the rear seat was an entirely reasonable method of rendering the car's contents secure. As such it was encompassed within the request of appellee reasonably construed.

Reversed and remanded with instructions that the motion to suppress be denied, and for further proceedings.

WILLIAM P. GRAY, District Judge (dissenting):

I would affirm the order of the District Court. As the self-appointed "agent" of the appellee, the officer easily could have ascertained what his "principal" wanted done with the sport coat. I would not interfere with the determination by the trial court that the entry into the trunk was unreasonable.

---

* Honorable William P. Gray, United States District Judge for the Central District of California, sitting by designation.