PATTERSON, Judge.
Appellant, Jackson Gregory Young, was indicted for possession of marijuana in violation of the Alabama Uniform Controlled Substances Act, § 20-2-70, Code of Alabama 1975. A jury found appellant guilty as charged in the indictment. Appellant was determined to be a habitual offender and was sentenced to fifteen years in the penitentiary. The trial court ordered that appellant serve eighteen months in the penitentiary followed by five years of supervised probation.
The only issue raised on appeal is whether the seizure of marijuana from appellant’s vehicle can be constitutionally justified under the plain view doctrine. Appellant contends that the police officer had no “legal justification for being in ftie position from which he testified that he viewed the evidence; furthermore, the seized evidence was not discovered inadvertently.” A review of the pertinent facts is necessary for the resolution of these contentions.
On February 19, 1985, at approximately 4:00 a.m., Officers L.P. Walker and L.D. Benefield were on routine patrol when they observed a lone white Pontiac automobile parked behind a nightclub in the Union Square Shopping Center in Montgomery. The parking lot was well lighted. Walker testified that, as they approached the vehicle, they observed a hand “sticking up in one of the windows.” The officers observed appellant asleep in the front seat. There were no other persons in the automobile. The officers attempted to wake appellant by “knocking on the glass and thumping the roof” of the automobile. Finally, the vehicle was rocked until appellant fell to the floorboard and awakened. Appellant “slipped” behind the steering wheel and tried to crank the vehicle, but it would not start. Walked requested that appellant show him some identification. Appellant exited the vehicle and produced a Florida driver’s license. The officers determined that appellant was intoxicated and he was placed under arrest for public intoxication. Appellant was handcuffed and placed in the patrol car.
Walker testified that he returned to appellant’s vehicle to secure any valuables that were inside. The vehicle’s door was open and the keys were in the ignition. Walker entered the vehicle to remove the keys in order to “lock the car up.” Walker testified on direct examination:
“Well, I was going to look back in his car for any valuables. First, we were going to leave the car there, I believe. And when I sat on the driver’s seat to get the keys out and lock the car up, I looked in the floorboard and saw a little Tupperware container with some stems and seeds and leaves that we believed to be marijuana.”
Based on this discovery, the officers conducted a more thorough search of the vehicle and discovered marijuana in the ashtray and glove box of the vehicle, as well as drug paraphernalia. Expert testimony established that 6.2 grams of marijuana were removed from appellant’s vehicle. Appellant’s motion to suppress the seizure of marijuana was overruled by the trial court.
Warrantless searches “ ‘are per se unreasonable under the Fourth Amendment— subject only to a few specifically established and well delineated exceptions.’ ... ‘[T]he burden is on those seeking the exception to show the need for it.’ ” Coolidge v. New Hampshire, 403 U.S. 443, 455, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564 (1971); Kinard v. State, 335 So.2d 924, 926 (Ala.1976). These exceptions have been clearly expressed in Alabama jurisprudence. See Wilkinson v. State, 374 So.2d 400 (Ala.1979); Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973); Vogel v. State, 426 So.2d 863 (Ala.Cr.App.1980), aff’d, 426 So.2d 882 (Ala.1982), cert. denied, 462 U.S. 1107, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983). The “plain view” exception to the warrant requirement permits a warrantless seizure of evidence only when certain well established prerequisites are shown to exist. Alabama law allows a warrantless seizure if “the seizing officer (1) has prior justification for *230 the intrusion, (2) comes upon the evidence inadvertently, and (3) immediately recognizes the object discovered as evidence of wrongdoing.” Myers v. State, 431 So.2d 1342, 1344 (Ala.Cr.App.1982), cert. quashed, 431 So.2d 1346 (Ala.1983). See also Spann v. State, 494 So.2d 716 (Ala.Cr.App.1985), affirmed, 494 So.2d 719 (Ala.1976).
Appellant contends that Walker had no prior justification for being “inside” appellant’s vehicle when he observed the marijuana. Stated another way, the question is whether Officer Walker “has a ‘legitimate reason for being present’ in the precise location where he made the observation.” 2 W. LaFave, Search and Seizure § 7.5 (1978). In 1 W. LaFave and Israel, Criminal Procedure § 3.7 (1984), the following is stated: “Courts have also upheld war-rantless searches into vehicles for a variety of other purposes. If an arrestee’s car is not impounded but is to be left at the scene of the arrest, some limited police activity to secure the car and its contents is reasonable.”
In United States v. Scott, 665 F.2d 874 (9th Cir.1981), the defendant had been arrested on an outstanding misdemeanor warrant and his vehicle was to remain at the scene. Id. at 875. Valuables, which were removed from the vehicle in order to secure them, were subsequently determined to be evidence of the defendant’s receiving stolen property. Id. The court analogized to South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), which upheld the inventory search of an impounded vehicle, to hold that the officer’s action in removing the valuables did not violate the defendant’s Fourth Amendment right against unreasonable searches and seizures. Id. at 876. The court reasoned that, like an inventory search, the officer's action:
“was reasonable because it responded to three legitimate needs: ‘the protection of the owner’s property while it remains in police custody, ... the protection of the police against claims or disputes over lost or stolen property, ... and the protection of the police from potential danger.’ Opperman, supra, 428 U.S. at 369, 96 S.Ct. at 3097. The [Opperman ] Court found that the police followed ‘standard police procedures’ in conducting the inventory search, id. at 376, 90 S.Ct. at 3100, a factor that tends to limit the scope of the ‘intrusion’ to the extent "necessary to carry out ‘[a] caretaking function,’ id. at 375, 96 S.Ct. at 3100, and to prevent arbitrary police conduct.
“The steps taken by [the police officer], like those in Opperman, were in response to legitimate needs. Although Scott’s car was legally parked, Scott’s arrest by the police had left his property unsecured. Even though the car was not in police custody and even though the police may have had no duty to secure Scott’s belongings, the police procedures to protect the arrestee’s belongings were appropriate caretaking functions. This is especially true here where [the police officer] had assured Scott that he would lock his vehicle. Furthermore, the procedures protected the police against charges of dishonesty or negligence that might have arisen had the arrestee’s property disappeared. The intrusions necessary to secure Scott’s property were therefore reasonable. See United States v. Prazak 500 F.2d 1216 (9th Cir.1974).”
Id. at 877. See also Cobb v. State, 378 So.2d 82 (Fla.Dist.Ct.App.), cert. denied, 388 So.2d 1111 (Fla.1980) (which held that police authorities were acting in the scope of their legal duties when they engaged in “community caretaking functions” such as securing an arrestee’s vehicle).
In the instant case, the police officer entered appellant’s vehicle to secure the vehicle and appellant's belongings inside the vehicle. This activity constituted a legitimate caretaking function which “was no more than a routine and good faith attempt, in the exercise of reasonable caution, to safeguard the defendant’s own *231 property.” Cobb, 378 So.2d at 83. Officer Walker was acting in the scope of his legal duties and was in a place where he had a right to be when he observed the marijuana. Thus, the prior justification limitation of the plain view doctrine was established.
Appellant next argues that the discovery was not made “inadvertently.” We disagree.
In Coohdge v. New Hampshire, 403 U.S. 443, 470-71, 91 S.Ct. 2022, 2040-41, 29 L.Ed.2d 564 (1971), the court discussed the inadvertent discovery limitation, stating:
“But where the discovery is anticipated, where the police know in advance the location of the evidence and intend to seize it, the situation is altogether different. The requirement of a warrant to seize imposes no inconvenience whatever, or at least none which is constitutionally cognizable in a legal system that regards warrantless searches as per se unreasonable in the absence of ‘exigent circumstances.’ ”
We have reviewed the totality of the evidence in this regard, including the testimony elicited on direct and cross-examination, and find nothing to suggest that the officers knew in advance that marijuana would be located in the vehicle or that they intended to seize it in advance. Nor do we believe that Walker’s act of securing appellant’s vehicle “constituted a planned scenario whereby contraband might be removed.” McElroy v. State, 469 So.2d 1337, 1340 (Ala.Cr.App.1985). See also Spann.
We believe that the officer’s action in this case plainly constituted an example of what the United States Supreme Court characterized in Cady v. Dombrowski, 413 U.S. 433, 441, 93 S.Ct. 2523, 2528, 37 L.Ed.2d 706 (1973), as the “community caretaking functions [of local police officers which are] totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute.” The order of the trial court overruling appellant’s motion to suppress was proper. This case is therefore due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.