THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RICHARD A. McKNIGHT, Defendant-Appellee.

Third District   No. 3—89—0685

Opinion filed June 8, 1990.

Joseph Navarro, State's Attorney, of Ottawa (Elizabeth A. Klug and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Darrell K. Seigler, of Ottawa, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Richard A. McKnight, was charged with driving while his license was revoked (Ill. Rev. Stat. 1987, ch. 95½, par. 6—303). The trial court granted the defendant's motion to quash the arrest and dismiss the charge. The State appeals. We reverse.

The record shows that on June 13, 1989, about 10:40 p.m., police officer Patricia Swanson was on routine patrol. As she drove along Lymons Mound Road, she observed a pickup truck parked beside the road with its headlights off. She testified that she parked her squad car behind the truck. Upon exiting her car, she observed the defendant in the driver's seat of the truck and heard the truck's motor running.

Officer Swanson further testified that upon approaching the truck she immediately asked the defendant if he had a driver's license. He responded that he did not. Swanson asked the defendant for his name

and ran it through the sheriff's dispatch, which informed her that the defendant's driver's license was revoked. Swanson then asked the defendant if he had been driving the truck. When he stated that he had been driving, she arrested him for driving while his license was revoked.

Officer Swanson also testified that Lymons Mound Road is in a wooded area, is not well traveled, and has few houses along it. She stated that the sheriff's department receives three to four complaints a month about people drag racing on the road and parking alongside it to drink and fight. She testified that she decided to investigate the defendant's parked truck because it looked suspicious. Additionally, she wanted to determine whether the driver was hurt.

Other evidence showed that Officer Swanson observed no mechanical defects in the defendant's truck. Further, the truck had a valid registration and was properly pulled off the road. In addition, Swanson never asked the defendant if he were hurt or needed help.

At the conclusion of the hearing, the trial court quashed the defendant's arrest and dismissed the charge. It held that while Officer Swanson had a right to investigate the parked truck, she was without probable cause to ask for the defendant's driver's license, since the defendant was not overtly violating any laws.

On appeal, the State argues that Officer Swanson's request for the defendant's driver's license was proper based on the provision of the driver licensing law (Ill. Rev. Stat. 1987, ch. 95½, par. 6—100 *et seq.*) authorizing a police officer to request the production of a driver's license.

Section 6—112 of the driver licensing law (Ill. Rev. Stat. 1987, ch. 95½, par. 6—112) states in part:

> "Every licensee *** shall have his drivers license *** in his immediate possession at all times when operating a motor vehicle and *** shall display such license *** upon demand ***."

Citing this court's opinion in *People v. McVey* (1989), 185 Ill. App. 3d 536, 541 N.E.2d 835, the defendant argues that to invoke the authority granted by section 6—112, there must first be probable cause. The defendant argues that without probable cause such a demand amounts to an illegal seizure under the fourth amendment.

We disagree and adopt the reasoning set forth in *People v. Francis* (1971), 4 Ill. App. 3d 65, 280 N.E.2d 49. There, the court held that to require some other offense to have been committed before a police officer may demand a driver's license vitiates the purpose of section 6—112. Therefore, it concluded that a routine spot check of a motorist to ascertain if he has complied with the requirement of posses-

sion of a driver's permit is neither unreasonable nor invalid, provided such check is not used as a substitute for a search for evidence of some possible crime unrelated to possession of a driver's permit.

Based on *Francis*, we conclude that it is not necessary for a police officer to have probable cause to request production of a driver's license and that such a request does not create an illegal seizure. We also find that this decision is consistent with our holding in *People v. McVey*.

In *McVey*, the defendant was arrested for driving while his license was revoked. The defendant was parked in his car when a police officer pulled up behind him. Upon approaching the car, the officer asked the defendant for his license. The defendant produced an apparently valid California driver's license. This court concluded that at that point a seizure had not yet occurred. However, the officer then proceeded to order the defendant to remain in his car while the officer ran a check on the defendant's license. We concluded that at that point a seizure occurred.

Therefore, contrary to the defendant's argument in the case at hand, *McVey* does not stand for the proposition that a seizure occurs when a driver is asked for his license. The seizure in *McVey* occurred when the officer continued his investigation even though he had been given an apparently valid license. At that point the officer had no grounds to believe the defendant was committing a crime, and any further investigation amounted to an illegal arrest and seizure.

■ Therefore, since we have concluded that Swanson's request for the defendant's license was proper, the next step is to determine whether her continued investigation was also proper. Here, upon asking for the defendant's license, Officer Swanson was informed that he did not have one. We find that at that point Swanson had reasonable grounds upon which to continue her investigation, since the defendant failed to produce the required license.

In conclusion, we hold that the trial court's decision to quash the defendant's arrest and dismiss the charge was manifestly erroneous. The court is therefore ordered to reinstate the charge against the defendant.

The judgment of the circuit court of La Salle County is reversed and the cause is remanded for further proceedings consistent with our findings.

Reversed and remanded.

BARRY and SCOTT, JJ., concur.