480

## THE STATE OF NEW HAMPSHIRE

### v.

### HELEN PSOMIADES

April 21, 1995

*Jeffrey R. Howard,* attorney general (*John A. Curran,* assistant attorney general, on the brief and orally), for the State.

*Joachim H. Barth,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J. The defendant, Helen Psomiades, appeals her conviction for possession of a controlled drug, RSA 318-B:2, I (Supp. 1994), based on a jury verdict in the Superior Court (*Conboy,* J.). She argues that the trial court erred in denying her motion to suppress because the police were not authorized to seize property located in her car at the time of her arrest. We affirm.

At approximately 3:00 a.m. on February 14, 1993, the defendant, who was alone in her automobile, was arrested for driving while intoxicated. After arresting the defendant, the police officer handcuffed her and placed her in the rear of his police cruiser. The officer then returned to the defendant's vehicle to secure it. The officer removed a purse that was located on the front seat, turned on the hazard lights, and locked the car doors. The officer's removal of the purse was pursuant to departmental policy to remove any valuables located in plain view when securing an automobile. When the defendant arrived at the police station, the police conducted an inventory search of her purse and discovered illegal narcotics.

The defendant moved to suppress the illegal narcotics, arguing that no applicable exception to the warrant requirement authorized the seizure of her purse. The Superior Court (*Hampsey*, J.) denied the motion.

The defendant argues that the officer's removal of her purse constituted an unreasonable seizure and violated her rights under part I, article 19 of the New Hampshire Constitution. The defendant does not raise a federal constitutional claim, nor does she contest the inventory search of her purse that occurred at the police station. Her sole argument is that the police officer should not have removed the purse from the car.

■ Under the New Hampshire Constitution, warrantless seizures are considered *per se* unreasonable unless they fall "within the narrow confines of a judicially crafted exception." *State v. Murray*, 135 N.H. 369, 374, 605 A.2d 676, 679 (1992). The burden of proving that the search falls within one of these exceptions rests on the State. *Id.* In the present case, the trial court ruled that the officer's removal and seizure of the defendant's purse in order to secure the vehicle was appropriate and did not violate the defendant's constitutional rights. We agree.

■ In *Cady v. Dombrowski*, 413 U.S. 433 (1973), the United States Supreme Court first recognized the community caretaking exception to the warrant requirement. In that case, the Court stated that "[l]ocal police . . . engage in what, for want of a better term, may be described as community caretaking functions, totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute." *Id.* at 441. Other courts have since recognized that in performing their community caretaking functions, the police may make a limited intrusion into an individual's vehicle provided that the intrusion is not a mere pretext to an investigative search. *United States v. Scott*, 665 F.2d 874, 877 (9th Cir. 1981) (analyzing the fourth amendment to the United States Constitution); *Young v. State*, 497 So. 2d 228, 231 (Ala. Crim. App. 1986) (analyzing the fourth amendment to

the United States Constitution); *State v. Tully,* 348 A.2d 603, 610 (Conn. 1974) (State Constitution interpreted consistent with the fourth amendment to the United States Constitution); *State v. Weide,* 455 N.W.2d 899, 904 (Wis. 1990) (State Constitution interpreted consistent with the fourth amendment to the United States Constitution). In the course of their actions, the police may also take appropriate steps to secure the vehicle, including removing an individual's property. *See, e.g., Scott,* 665 F.2d at 877; *United States v. Prazak,* 500 F.2d 1216, 1217 (9th Cir. 1974); *Young,* 497 So. 2d at 230.

■   While not explicitly recognizing a "community caretaking" exception to the warrant requirement, we previously have approved police action that fulfilled this need. *See, e.g., State v. Cimino,* 126 N.H. 570, 573, 493 A.2d 1197, 1200 (1985) (officer acted properly in securing vehicle pursuant to defendant's request); *State v. Gilson,* 116 N.H. 230, 234, 356 A.2d 689, 692 (1976) (officer acted properly in removing keys in order to secure vehicle). In *Gilson,* we cited *Cady* approvingly and noted that a police officer's actions in securing a vehicle fell "within the range of accepted police practices which are 'non-investigatory' and which involve only a minimal intrusion on privacy." *Gilson,* 116 N.H. at 234, 356 A.2d at 692. Therefore, to avoid confusion in the future, we explicitly recognize that in a case such as this, seizure of property by the police is justified by the community caretaking exception when it constitutes "no more than a routine and good faith attempt, in the exercise of reasonable caution, to safeguard the defendant's own property." *Young,* 497 So. 2d at 230–31 (quotation omitted).

■   In this case, the defendant was alone in her car at the time of her arrest. The police officer's actions in securing her automobile prior to leaving the scene were a valid exercise of his community caretaking functions. *See Scott,* 665 F.2d at 877; *Young,* 497 So. 2d at 230. The defendant argues that because the doors were locked, removal of her pocketbook was unnecessary in order for the officer to secure the vehicle. The vehicle was left at the side of the road at three o'clock in the morning with its hazard lights operating. The officer reasonably could conclude that the vehicle would present a prime target for vandals and that any property left in plain view could be vulnerable. *Cf. Prazak,* 500 F.2d at 1217 (officer removed sport coat in plain view in order to secure vehicle). Consequently, his actions, which "constituted a legitimate caretaking function," *Young,* 497 So. 2d at 230–31 (quotation omitted), did not violate the defendant's State constitutional rights.

*Affirmed.*

All concurred.