Strafford
No. 98-571

THE STATE OF NEW HAMPSHIRE

v.

STEVEN A. BRUNELLE

December 29, 2000

*Philip T. McLaughlin*, attorney general (*N. William Delker*, assistant attorney general, on the brief and orally), for the State.

*Risa Evans*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. Following a jury trial in the Superior Court (*Fauver*, J.), the defendant, Steven A. Brunelle, was convicted of operating a motor vehicle after having been certified as an habitual offender. RSA 262:23 (1993). The sole issue raised on appeal is whether the Trial Court (*Nadeau*, J.) erred in denying the defendant's motion to suppress. We affirm.

In its order denying the defendant's motion to suppress, the trial court made the following findings of fact. On October 2, 1997, the defendant's vehicle broke down at a toll booth on the Spaulding Turnpike. Trooper Rockey of the New Hampshire State Police observed a toll supervisor attempting to push the vehicle off the highway into a restricted, State-owned parking lot and went to assist. After the truck was parked in the lot, the defendant emerged and in response to Trooper Rockey's inquiry, explained that his vehicle had a mechanical problem. Trooper Rockey testified that State Police procedure required that she request the license and registration of any motorist that she assisted on the highway. When she asked the defendant for his license and registration, he provided his registration but advised her that he did not have his license because it had been suspended for driving while intoxicated. Trooper Rockey then arrested him. After placing him in the back seat of her cruiser, she read the defendant his rights from a *Miranda* card, *see Miranda v. Arizona*, 384 U.S. 436 (1966), and obtained his oral waiver.

Following his indictment, the defendant filed a motion to suppress, contending that the request for his license and registration constituted a seizure violating Part I, Article 19 of the New Hampshire Constitution and the Fourth and Fourteenth Amendments of the

United States Constitution. The trial court denied that motion, finding alternatively that the State had not seized the defendant, or that if it had, that the request for license and registration served a legitimate purpose and was constitutionally permissible. After trial and conviction, the defendant filed this appeal.

The defendant contends that because State law requires that he produce a license and registration upon request of a law enforcement officer or be guilty of a misdemeanor, *see* RSA 265:4, I(e) (1993); RSA 265:4, II (1993), the State trooper's request for his license and registration constituted a seizure in violation of Part I, Article 19 of the New Hampshire Constitution and the Fourth and Fourteenth Amendments of the United States Constitution. The State asserts that the defendant was not seized when the trooper asked for the defendant's license and registration and that even if he were seized, the seizure was reasonable.

We analyze the defendant's constitutional claims first under the New Hampshire Constitution, relying on cases interpreting the Federal Constitution only to aid in our analysis. *See State v. Ball*, 124 N.H. 226, 232, 471 A.2d 347, 351 (1983). Because Part I, Article 19 of our State Constitution provides greater protection for individual rights than does the Fourth Amendment of the Federal Constitution, *see State v. Koppel*, 127 N.H. 286, 289, 499 A.2d 977, 979-80 (1985), we need not engage in a separate federal analysis.

█ While we uphold a trial court's findings of fact unless unsupported by the record or clearly erroneous, *see State v. Roach*, 141 N.H. 64, 65, 677 A.2d 157, 159 (1996), whether those facts constitute a seizure is a question of law which we review *de novo, cf. State v. Cannuli*, 143 N.H. 149, 152, 722 A.2d 450, 452 (1998). Not every encounter between a police officer and an individual is a seizure subject to constitutional protection. Encounters that are purely voluntary or very brief do not generally constitute seizures. *See State v. Riley*, 126 N.H. 257, 263, 490 A.2d 1362, 1366 (1985). "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." *State v. Cote*, 129 N.H. 358, 364, 530 A.2d 775, 778 (1987) (quotation omitted).

We are doubtful that a seizure occurred here where Trooper Rockey exercised her statutory authority and requested the license and registration of an individual who was already stopped and attempting to move his disabled vehicle into a restricted State parking area. Nevertheless, assuming without deciding that the trooper's request for information constituted a seizure, we find that the seizure was reasonable.

■ Part I, Article 19 provides in relevant part that "[e]very subject ha[s] a right to be secure from all unreasonable searches and seizures of his person, his houses, his papers, and all his possessions." Warrantless seizures are "*per se* unreasonable unless they fall within the narrow confines of a judicially crafted exception." *State v. Psomiades*, 139 N.H. 480, 481, 658 A.2d 1190, 1190 (1995) (quotation omitted). The State bears the burden of establishing that a seizure falls within one of these exceptions. *Id.* In *Psomiades*, we recognized a limited community caretaking exception to the warrant requirement "when it constitutes no more than a routine and good faith attempt, in the exercise of reasonable caution, to safeguard the defendant's own property." *Id.* at 482, 658 A.2d at 1191 (quotation omitted). A valid exercise of the community caretaking function requires that it be totally separate from the detection, investigation or acquisition of evidence relating to a criminal matter. *Id.* at 481, 658 A.2d at 1191.

The defendant's vehicle was disabled when Trooper Rockey first observed it. She stopped to assist a toll supervisor who was attempting to push the vehicle off the highway into a State-owned parking lot. Thereafter, the defendant emerged from the vehicle and Trooper Rockey, consistent with State Police policy and authorized by statute, requested his license and registration. *See* RSA 265:4, I(e) (1993). She was not conducting a criminal investigation. In response, the defendant produced his registration but advised the trooper that his license had been suspended.

■ Trooper Rockey's limited request for information, which would enable her to maintain a record of her contact with the vehicle's owner in the event that any questions about the vehicle or her contact with the owner subsequently arose, was a reasonable exercise of her community caretaking duties. *See State v. Ellenbecker*, 464 N.W.2d 427 (Wis. Ct. App. 1990); *cf. People v. McKnight*, 555 N.E.2d 1196 (Ill. App. Ct. 1990); *State v. Pfannenstein*, 525 N.W.2d 587 (Minn. App. 1994).

We conclude that the trial court properly denied the defendant's motion to suppress.

*Affirmed.*

BRODERICK, J., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.