# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0033, <u>State of New Hampshire v. Kathryn D. Pate</u>, the court on December 16, 2020, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Kathryn D. Pate, was charged with aggravated driving while intoxicated in violation of RSA 265-A:3, III (2014). The State appeals an order of the Circuit Court (<u>LaFrancois</u>, J.) granting the defendant's motion to suppress all evidence obtained as a result of a warrantless search and seizure of her vehicle. We reverse and remand.

The following facts are taken from the trial court's order or from the suppression record. <u>See</u> <u>State v. Pseudae</u>, 154 N.H. 196, 200 (2006). At approximately 4:00 p.m. on April 21, 2019, Officer Rodolakis of the East Kingston Police Department was dispatched to a business's parking lot that is open to the public after an unidentified 911 caller reported a "nonresponsive" male in a black Honda SUV. A further report from the unidentified caller indicated that the condition of the male's breathing in the vehicle was unknown. Upon arriving at the parking lot, the officer recognized the vehicle described in the 911 call, observed that the vehicle was running, and that the wiper blades were on even though it was not raining. From the driver's side door of the SUV, Rodolakis saw what appeared to be a male in the driver's seat, slumped over the center console with his head and an arm on the passenger seat.

Rodolakis opened the door to the vehicle, determined the individual was a female in her forties, later identified as the defendant, and that she was breathing. After he shook her awake, the defendant started mumbling in a slow, low tone. The officer searched the defendant's car, arrested her, and had her transported to the hospital where her blood was drawn by hospital personnel. The defendant was thereafter charged with aggravated driving while intoxicated. <u>See</u> RSA 265-A:3, III.

The defendant moved to suppress all of the evidence obtained as a result of the search and seizure of her vehicle, triggered when Rodolakis opened the vehicle's door, arguing, <u>inter alia</u>, that the search and seizure violated her rights under the State and Federal Constitutions. <u>See</u> N.H. CONST. pt. I, art. 19; U.S. CONST. amends. IV, XIV. The State objected, arguing that the officer's

action was reasonable pursuant to the community caretaking exception to the warrant requirement.

Following a hearing at which Rodolakis testified, the trial court determined that "there was not a basis for the search and seizure of the defendant's motor vehicle triggered by the opening of the driver's door by the officer," and that "[t]he evidence obtained by the State after that unlawful intrusion is therefore suppressed." The State filed a motion to reconsider, to which the defendant objected. The trial court denied the State's motion, and this appeal followed.

On appeal, the State argues, inter alia, that the trial court erred by determining that Rodolakis' entry into the defendant's vehicle was not justified under the community caretaking exception to the warrant requirement. The State contends that, contrary to the State and Federal Constitutions, the trial court concluded the officer's action was unreasonable because Rodolakis did not know that the defendant needed aid before he opened the door to her vehicle and because he did not use a "less intrusive means" to attempt to render aid. We need not address whether the trial court injected a "knowledge" requirement or a "less intrusive means" requirement into its analysis of the reasonableness of Rodolakis' entry into the defendant's vehicle because we agree with the State that, under the circumstances in this case, the officer's action in opening the vehicle's door was reasonable and justified under the community caretaking exception.

When reviewing a trial court's rulings on a motion to suppress, we accept the trial court's factual findings unless they lack support in the record or are clearly erroneous. State v. Folds, 172 N.H. 513, 516 (2019). Our review of the trial court's legal conclusions, however, is de novo. Id. We first address the State's argument under the State Constitution and rely upon federal law only to aid our analysis. State v. Ball, 124 N.H. 226, 231-33 (1983).

Part I, Article 19 of the New Hampshire Constitution provides that every citizen has "a right to be secure from all unreasonable searches and seizures of his person, his houses, his papers, and all his possessions." N.H. CONST. pt. I, art. 19. Warrantless searches are per se unreasonable unless they fall within the narrow confines of a judicially crafted exception. State v. LaBarre, 160 N.H. 1, 7 (2010). The State bears the burden of proving by a preponderance of the evidence that a search or seizure falls within one of the exceptions. State v. Eldridge, 173 N.H. 61, 75 (2020).

We first recognized the community caretaking exception to the warrant requirement in State v. Psomiades, 139 N.H. 480, 482 (1995). "Separate and apart from conducting criminal investigations, police engage in community caretaking functions such as helping stranded motorists, returning lost children to anxious parents, and assisting and protecting citizens in need."

2

LaBarre, 160 N.H. at 8 (quotation and brackets omitted).  To justify a search or seizure under the community caretaking exception, the officer

> must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion.  We judge these facts by an objective standard: would the facts available to the officer at the moment of the [search or] seizure warrant a person of reasonable caution to believe that the action taken was appropriate.

Id. (quotation omitted).  To determine whether the grounds for a particular search and seizure meet constitutional requirements, we balance the governmental interest that allegedly justified it against the extent of the intrusion on protected interests.  Id.  The search and seizure must be totally separate from the detection, investigation, or acquisition of evidence relating to a criminal matter.  Id.; cf. State v. D'Amour, 150 N.H. 122, 126 (2003) (separation of community caretaking function from investigation of criminal matter "need only relate to a sound and independent basis for each role").

The totality of circumstances in this case justified the officer's action in opening the door to the defendant's vehicle under the community caretaking exception.  Rodolakis was responding to a 911 call reporting that a male was "nonresponsive" in a vehicle, in a public parking lot, at approximately 4:00 p.m.  As he was on his way, another call came in reporting that it was "unknown" whether the male in the vehicle was breathing.  Upon arriving at the parking lot, Rodolakis observed a black Honda SUV, as identified in the first 911 call, with its engine running and wiper blades "streaking" across the windshield despite the fact that it was not raining.  When he approached the defendant's vehicle, Rodolakis saw what appeared to be a male slumped over the center console of the SUV with his head and an arm on the passenger seat.  These facts, and rational inferences from them, were enough to cause a person of reasonable caution to believe that the action taken — opening the vehicle door — was appropriate.  See LaBarre, 160 N.H. at 8-9; cf. State v. Boyle, 148 N.H. 306, 309 (2002) ("Absent any indication that the defendant needed aid, the officer was not justified in seizing him under the community caretaking exception.").

The record demonstrates that Rodolakis opened the vehicle door to check on the defendant's well-being, not to investigate a crime.  See LaBarre, 160 N.H. at 9; cf. D'Amour, 150 N.H. at 127-28 (concluding the trial court's finding that officer's conduct "'clearly [fell] within the community caretaking exception' . . . was based upon an erroneous foundation" because officer's "testimony at the suppression hearing contradict[ed] the trial court's finding that he was not involved in a further criminal investigation to detect and acquire evidence").  When Rodolakis approached the defendant's vehicle, he had no reason to suspect that a crime had been committed.  See LaBarre, 160 N.H. at 9.  Given

3

the circumstances outlined above, however, Rodolakis had reason to believe that the defendant needed aid. See id. at 8-9; cf. Boyle, 148 N.H. at 306, 309 (explaining that while the officer may have had reason to believe that the drunk woman the defendant said he had just dropped off needed aid, the officer "had no reason to believe that the defendant, the sole occupant of the vehicle, needed it"). The officer's concerns for the defendant's well-being outweighed the intrusion into the defendant's vehicle. See LaBarre, 160 N.H. at 8-9; cf. State v. Craveiro, 155 N.H. 423, 427-28 (2007) (holding the community caretaking exception did not justify the motor vehicle stop at issue because the facts led us to conclude that "the stop was not justifiable as a routine and good faith attempt to safeguard the defendant's property"); Boyle, 148 N.H. at 309. Therefore, we conclude that Rodolakis' action in opening the door to the defendant's vehicle was reasonable and justified under the community caretaking exception to the warrant requirement. See Folds, 172 N.H. at 516 (review of the trial court's legal conclusions is de novo); cf. State v. Moore, 151 N.H. 288, 291 (2004) ("The fact that there were other actions that a reasonable officer might have taken does not automatically render the actions that were taken unreasonable.").

Accordingly, the search and seizure at issue did not violate Part I, Article 19 of our State Constitution. Because the Federal Constitution offers the defendant no greater protection than does the State Constitution under these circumstances, we reach the same result under the Federal Constitution. See Boyle, 148 N.H. at 307. Therefore, the trial court erred by granting the defendant's motion to suppress on the grounds that Rodolakis' action — opening the door to the defendant's vehicle — was unreasonable under the community caretaking exception. Because we conclude that the officer's action was justified under the community caretaking exception, we need not consider the State's other arguments on appeal.

Reversed and remanded.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**